**Opinion filed November 14, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00317-CR

_____

### JAQUON BYREE THOMPSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 12641-D**

## M E M O R A N D U M   O P I N I O N

Appellant has filed an untimely pro se notice of appeal from an order of deferred adjudication for the offense of assault family violence—continuous. Pursuant to the terms of a plea agreement, the trial court deferred the adjudication of Appellant's guilt, placed him on deferred adjudication community supervision for a term of eight years, and imposed a fine of $2,000. We dismiss the appeal.

The documents on file in this appeal indicate that, on April 6, 2017, the trial court deferred the adjudication of Appellant's guilt and placed him on community supervision pursuant to the terms of the plea agreement. More than two and one-half years later, on October 23, 2019, Appellant filed a pro se notice of appeal from the order of deferred adjudication. When the appeal was filed in this court, we notified Appellant that his notice of appeal was not timely and that the trial court had certified that this was a plea-bargain case in which Appellant had no right of appeal. We requested that Appellant respond to our letter and show grounds to continue. We have not received a response from Appellant's counsel, but we have received and considered a pro se response from Appellant. However, Appellant has failed to provide this court with any ground upon which this appeal may continue at this time.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court more than two and one-half years after the sentence was suspended in open court. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). We note that we are not authorized to grant a request for an out-of-time appeal. *See Slaton*, 981 S.W.2d at 210. Moreover, the trial court's certification reflects that this is a plea-bargain case and that Appellant has no right of appeal.

Thus, even if Appellant had timely perfected an appeal, this appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

November 14, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.